### Alvah Mansur *vs.* Samuel L. Wilkins.

Under the Rev. Sts. *c.* 35, § 2, a plaintiff, who recovers only the balance of his claim, after a deduction of the forfeiture incurred by him for reserving or taking usurious interest thereon, is not entitled to costs ; and a judgment, in such case, for his damage and costs, is erroneous, and will be reversed as to the costs.

Writ of error. The opinion of the court exhibits the whole case.

Shaw, C. J. The object of this writ of error is to reverse a judgment rendered in this court, at October term 1838, in favor of the defendant in error against the plaintiff in error. By the record it appears that the original plaintiff sued on a promissory note ; that it was found by the jury that certain usurious interest had been reserved or taken, and a corresponding deduction, by way of forfeiture, was made from the amount of the note ; and that the plaintiff had judgment for the balance, conformably to the Rev. Sts. *c.* 35, § 2. It further appears, that the plaintiff had judgment for his costs, and the defendant also for his costs. The error assigned and now insisted on is, that judgment was given for the plaintiff for costs. The provision

of the statute, in such case, is, that the plaintiff shall forfeit, &c. " and shall have judgment for the balance only, which shall remain," &c. Taking the language of the statute in connexion with its obvious intent and purpose, we think it was not the intention of the legislature to give costs to the plaintiff. He can hardly be said to be the prevailing party. The defence succeeds to the full extent, to which the law gives it; and by the express words of the statute, the defendant shall recover his full costs. Then when the words are added, that the plaintiff "shall have judgment for the balance only," we think they were intended to declare, that he should have no other or further beneficial judgment; and therefore that the judgment for costs was erroneous. But as the two parts of the judgment are entirely distinct, so that it may be affirmed in part and reversed in part, the judgment of the court is, that that part of the said judgment, which awarded costs for the plaintiff, be reversed; and in other respects, that the judgment be affirmed.

*Wentworth*, for the plaintiff in error.

*Knowles*, for the defendant in error.